THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSS J. REALE, Appellant, against WALTER B. MARTIN, as Warden of Attica State Prison, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.

## (March 13, 1946.)

ANDREW LAZEWSKI, Respondent, v. MARTHA K. LAZEWSKI, Appellant.— Judgment reversed on the law and facts, without costs of this appeal to either party, and a new trial granted before the Special Term or a different referee. Certain findings of fact disapproved and reversed. Memorandum: The record fails to disclose evidence which would justify the granting of a decree annulling the marriage between the parties except upon the ground that plaintiff's consent thereto was obtained by defendant's false representations that her former husband was dead, thus permitting the marriage to be solemnized according to the rites of the church of which the parties were communicants. However, in order to sustain the decree on this ground, a specific finding that defendant's former husband was living at the time of this marriage is essential. The only finding on this issue is: " * * * that upon information and belief, the said John R. Klink was then alive." In view of the confused state of the record, due in part to the failure to have certain testimony taken through an interpreter, we are constrained to reverse the judgment and direct a new trial before the Special Term or a different referee. All concur. (The judgment declares the marriage between the parties to be null and void.) Present — Taylor, F. J., Dowling, Harris, McCurn and Larkin, JJ. [See post, p. 982.]

ROBERT E. BAUER, Appellant, v. W. & F. MFG. Co., INC., et al., Respondents.— Order affirmed, with $10 costs and disbursements. Memorandum: Liberally construed, the complaint may possibly state a cause of action. It is in the plaintiff's interest, however, to serve an amended complaint specifying his claims so that the issues may be properly defined by defendants' answer. Therefore, we affirm the order. All concur. (The order dismisses plaintiff's complaint, with leave to plead anew, in an action to compel an accounting.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

In the Matter of the Probate of the Will of BERTHA L. HAMILTON, Deceased. Transferred to Appellate Division of the Supreme Court, Third Judicial Department, for hearing and determination. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. (Decided on March 7, 1946, and order entered on March 7, 1946.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROCHESTER TELEPHONE CORPORATION, Respondent, against WILLIAM H. WOODWORTH, as Assessor of the City of Rochester, Respondent, and CLARENCE A. SMITH, as Director of Finance and Manager of the County of Monroe, et al., Appellants.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals granted and question for review certified. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See 269 App. Div. 964.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEHIGH VALLEY RAILWAY COMPANY et al., Respondents, against WILLIAM H. WOODWORTH, as Assessor of the City of Rochester, et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See ante, p. 793.]